UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| MAURICE PERNELL MCKINNEY, | |
| Petitioner, | Civil Action No. 5: 16-451-KKC |
| V. | |
| FRANCISCO QUINTANA, Warden, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Maurice Pernell McKinney has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1]  This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2004, McKinney pleaded guilty to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A); and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

Prior to McKinney's sentencing, in *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court held that a state court judgment which imposed a sentence above the statutory maximum based upon facts found solely by the judge rather than the jury violated the defendant's rights under the Sixth Amendment.  Based upon *Blakely*, and just prior to oral argument in *United States v. Booker*, 543 U.S. 200 (2005), the trial court

1

issued an extensive opinion concluding that the Sentencing Guidelines were unconstitutional and must therefore be applied only in an advisory rather than mandatory fashion. *United States v. McKinney*, 339 F. Supp. 2d 1314 (M.D. Fla. 2004).

Accordingly, the trial court sentenced McKinney to 180 months imprisonment for the drug trafficking count and the felon-in-possession count, the two terms to run concurrently with one another, and to a consecutive 120-month term on the Section 924(c) count. Although a Section 922(g) conviction ordinarily carries a 120-month maximum sentence, the trial court concluded that McKinney had three prior convictions for violent felonies in Florida, including one robbery conviction and two third-degree burglary convictions, thus mandating a minimum 15-year sentence pursuant to 18 U.S.C. § 924(e). The resulting 300-month aggregate sentence still fell below the 330-month sentence that the Sentencing Guidelines would have required if treated as mandatory. *United States v. McKinney*, No. 4: 04-CR-3-RH (N.D. Fla. 2004).

The Eleventh Circuit affirmed on direct appeal, concluding that McKinney's below-guidelines sentence was entirely consistent with *Booker*. *United States v. McKinney*, 135 F. App'x 313, 325-26 (11th Cir. 2005). See also *United States v. Rollins*, 135 F. App'x 296, 298 (11th Cir. 2005) (affirming sentence of McKinney's co-defendant)

McKinney filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, challenging the enhancement of his sentence under § 924(e)(1) on the theory that his prior Florida convictions for burglary of a structure did not count as violent felonies within the meaning of 18 U.S.C. § 924(e)(2)(B). The trial court rejected that claim as without substantive merit. *United States v. McKinney*, 2007 WL 2083639, at *5 (N.D. Fla.

July 16, 2007) (citing *Taylor v. United States*, 495 U.S. 575, 599 (1990) ("a person has been convicted of burglary for purposes of [§ 924(e)] if he is convicted of any crime ... having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.")).

In his petition, McKinney reiterates his contention that his third-degree burglary convictions were not valid predicates for an enhancement, this time relying upon the Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). [R. 1]

Resort to a § 2241 petition as a vehicle to challenge the validity of a sentence is only permissible where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

McKinney's claims likely satisfy the second criteria, but not the first or the third, and hence they are not cognizable in this § 2241 proceeding. First, although McKinney was sentenced six months before the Supreme Court issued its decision in *Booker*, the trial court anticipated its ruling in that case, held that the Sentencing Guidelines were unconstitutional, and imposed a guidelines sentence below the range mandated by the

Sentencing Guidelines. *McKinney*, 339 F. Supp. 2d at 1318. After *Booker* was decided by the Supreme Court, the Eleventh Circuit affirmed McKinney's sentence as properly imposed by treating the Sentencing Guidelines as merely advisory. *McKinney*, 135 F. App'x at 325-26. McKinney therefore does not meet the threshold criteria for cognizability set forth in *Hill*. Hill, 836 F. 3d at 599-600 ("[W]e reiterate that our decision addresses only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-[*Booker*] ..."

Nor is the third criteria satisfied. Neither *Descamps* nor *Mathis* involved any statutory interpretation of the substantive meaning of the phrase "violent felony" in § 924(e), or decided whether the Florida statute used to enhance McKinney's sentence qualified as such. Instead, both decisions were entirely procedural, discussing the analytical framework established in *Taylor v. United States*, 495 U.S. 575 (1990), a decision issued well **before** McKinney's sentence was imposed. In *Descamps*, the Supreme Court only clarified that under *Taylor*, resort to the modified categorical approach is not appropriate where the underlying state conviction was pursuant to an indivisible statute. *Descamps*, 570 U.S. at 261-62 (citing *Taylor*, 495 U.S. at 602). For its part, *Mathis* merely reiterated that under *Taylor* a statute is divisible, hence permitting resort to the modified categorical approach, only when it sets forth alternative elements, hence defining multiple crimes in a single statute, but not when it merely sets forth alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2249, 2251-52 (citing *Taylor*, 495 U.S. at 602).

McKinney does not allege the trial court impermissibly used the modified categorical approach to analyze his prior offenses.[1] He thus hence makes no claim actually grounded in *Mathis* or *Descamps* at all. Instead, he vaguely suggests a claim actually predicated upon *Taylor*: that the Florida statute under which he was convicted is broader than its "generic" counterpart. Because *Taylor* was decided before his sentence was imposed, McKinney was obligated to, and actually did, pursue a claim of this kind on direct appeal, rendering resort to § 2241 impermissible. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

Finally, even if this were not so, McKinney's claims do not fall within the scope of the narrow exception carved out in *Hill* because neither of these decisions is retroactively applicable to cases on collateral review. The Supreme Court in *Mathis* made plain that its decision, being "all but resolved" by 25-year-old precedent, was not retroactive. *Mathis*, 136 S. Ct. at 2257. The Sixth Circuit has expressly so held. *In re: Conzelmann*, 872 F.3d 375 (6th Cir. 2017). *Descamps* is likewise not retroactively applicable to cases on collateral review in order to permit resort to § 2241. See *United States v. Davis*, 751 F. 3d 769, (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued. *Id.* at 2283 ("Our caselaw explaining

---

[1] Notably, the extensive record in this case makes plain that the trial court did not refer to any "extra-statutory" materials such as the prior state indictment or record, instead relying on the Florida statute itself and McKinney's frank admission during the sentencing hearing that he was twice convicted of burglary of a structure. In sum, the trial court did not apply the modified categorical approach to enhance petitioner's sentence.

the categorical approach and its 'modified' counterpart all but resolves this case."));

*United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014); *Rucker v. Cross*, No. 15-CV-206-DRH, 2015 WL 1344435, at *3 (S.D. Ill. Mar. 23, 2015); *Greer v. Wilson*, No. 13-3185 SRN/FLN, 2015 WL 179387, at *5 (D. Minn. Jan. 14, 2015) (collecting cases).[2]

Because McKinney's claims are not actually based upon *Descamps* and *Mathis*, and could not be pursued under § 2241 even if they were, his petition must be denied.

Accordingly, it is **ORDERED** as follows:

1.     McKinney's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated May 1, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2]  *Hill* is not to the contrary, as the Sixth Circuit merely accepted for purposes of that particular case the government's concession of the issue. *Hill*, 836 F. 3d at 596 ("… the Government concedes that *Descamps* and *Royal* apply retroactively."). In addition, the panel undertook no independent analysis and reached no conclusion on that legal question. It is a separate question whether it is ever appropriate for a federal trial or appellate court to uncritically accept a party's "concession" that a particular claim is or is not cognizable under § 2241. See *Chaplain v. Warden, U.S. Atty. Gen.*, 564 F. App'x 438 (11th Cir. 2014) (".. we may no longer rely on the Government's concession [] [b]ecause the applicability of the savings clause is a threshold jurisdictional issue that cannot be waived.") (citing *Bryant v. Warden*, 738 F.3d 1253, 1271 (11th Cir. 2013)).